09-2815-ag
Jolon-Pineda v. Holder

BIA
DeFonzo, IJ
A072 442 019

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4ᵗʰ day of May, two thousand ten.

PRESENT:
        REENA RAGGI,
        RICHARD C. WESLEY,
        PETER W. HALL,
             *Circuit Judges*.

_____

CARLOS ENRIQUE JOLON-PINEDA,

        *Petitioner*,

        v.                                09-2815-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, UNITED STATES
CITIZENSHIP AND IMMIGRATION SERVICES,

        *Respondents*.

_____

FOR PETITIONER:     Nicholas J. Mundy, Brooklyn, New York.

FOR RESPONDENTS:    Tony West, Assistant Attorney General, Civil Division; John S. Hogan, Senior Litigation Counsel; Channah M. Farber, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **it is hereby ORDERED, ADJUDGED, AND DECREED** that the petition for review **is DENIED.**

Petitioner, Carlos Enrique Jolon-Pineda, a native and citizen of Guatemala, seeks review of a June 5, 2009, order of the BIA affirming the July 19, 2007, decision of Immigration Judge ("IJ") Paul A. DeFonzo denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Carlos Enrique Jolon-Pineda*, No. A 072 442 019 (B.I.A. June 5, 2009), *aff'g* No. A 072 442 019 (Immig. Ct. N.Y. City July 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. In evaluating Jolon-Pineda's credibility, the IJ found that: (1) he testified inconsistently regarding when he entered the police academy; (2) his testimony regarding his confrontation with guerillas was contradicted by his asylum application in several respects; (3) his testimony regarding the identity of the individuals searching for him in Guatemala was contradicted by his asylum application; and (4) he failed to rehabilitate his testimony with corroborative evidence. Jolon-Pineda does not challenge these findings with specificity, and although he argues that he adequately explained his inconsistent testimony, no reasonable factfinder would have been compelled to credit his explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Moreover, to the extent Jolon-Pineda argues that he is entitled to relief because he presented corroborative evidence, as the IJ properly noted, not one of the nine affidavits he submitted makes any reference to the incidents comprising the basis of his asylum application. *See Xiao Ji Chen v. United States Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006) (noting

2

that an IJ does not err in citing inadequate corroboration as a basis for denying relief when a petitioner is otherwise not credible).

Because Jolon-Pineda's claims for withholding of removal and CAT relief share the same factual predicate as his asylum claim, the IJ's adverse credibility determination is fatal to those claims as well. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk